IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ELBIS TORRES | § | |
| VS. | § | CIVIL ACTION NO. 5:12-CV-111 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Elbis Torres, an inmate confined at the Lynaugh Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a de novo review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner argues that the exception crafted by the Supreme Court in *Trevino v. Thaler* saves his untimely petition. *Trevino v. Thaler*, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013). As outlined by the Respondent, this argument is without merit. *Trevino* stands for the limited proposition that a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Id.*[1] Petitioner, however, in the present case did not procedurally default his claim of ineffective assistance of counsel. Petitioner's claim that his counsel was

---

[1] *Trevino* involved a death penalty case.

ineffective in advising him to plead guilty as no corroborating witness evidence existed, was fully and fairly presented by petitioner to the state habeas court for review. This claim was exhausted and was not procedurally defaulted. The Magistrate Judge recommended the claim be dismissed as time-barred and did not apply a procedural bar.

To the extent petitioner argues *Trevino* excuses his dilatoriness in filing his state and federal petitions untimely, this argument is also unavailing. *Trevino* did not establish a ground for equitable tolling and petitioner has not shown that he diligently sought relief in the state courts. *See,e.g., Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012); *see also Barrera v. Stephens*, 2014 WL 7139959, slip op at *1 (S.D. Tex. 2014) ("*Trevino* cannot resurrect Barrera's time-barred ineffective assistance of counsel claim. . . Texas law did not impede Barrera from filing a timely federal habeas petition. . . ."); *Hunter v. Stephens*, 2013 WL 5671295, slip op. At *5 (S.D. Tex. 2013) ("[Petitioner] contends that the recent Supreme Court's decisions in *Trevino* and *Martinez* excuse his dilatoriness. This argument is unavailing. These cases only establish a narrow exception when a habeas petitioner's ineffective assistance of trial counsel claims are otherwise barred by procedural default . . . They did not establish a ground for equitable tolling."); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004); *Melancon v. Kaylo*, 259 F.3d 401, 407-08 (5th Cir. 2001).

Petitioner also appears to now argue that a state created impediment prevented him from timely filing his petition. Petitioner states that *Trevino* established that Texas procedure creates an impediment to filing "by not allowing for review of ineffective assistance of trial counsel claims on direct appeal. . . [and] violates due process of law in not providing effective assistance of counsel at the first initial collateral review proceeding." *See* Objections, docket entry no. 14, pg. 1. Specifically, petitioner would argue that *Trevino* now requires Texas to provide a more adequate procedure to bring ineffective assistance of counsel claims on direct appeal and appointment of counsel during initial collateral review. The failure to do so, according to petitioner, impeded his ability to timely file his writs of habeas corpus.

2

The Supreme Court made no such determination in *Trevino* and, in fact, acknowledged the procedure to pursue ineffective assistance of trial counsel claims was a matter for the States to decide. *Trevino*, 133 S.Ct. 1911, 1921. *Trevino* merely established an exception to the procedural default rule and has no application to a statutory limitations bar. Furthermore, there is no constitutional right to an attorney in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). Texas voluntarily mandates the appointment of counsel during habeas corpus proceedings in which an applicant seeks relief from a judgment imposing a penalty of death only. TEX. CODE OF CRIM. P. Art. 11.071. There is no similar requirement for non-capital cases.

Petitioner further argues that the state created an impediment to timely filing his petition by not having the Unit Law Library post a notice on the bulletin board stating that a one-year statute of limitations exists under the AEDPA. Petitioner, however, has not alleged, let alone established, that he was denied at any point a copy of the AEDPA or that it was unavailable to him. "Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002). Petitioner does not state when he learned of the AEDPA, but the Court notes he waited for more than 2 years past the federal filing deadline to file his initial state application for writ of habeas corpus.

Finally, petitioner contends the AEDPA limitations should not apply because he is actually innocent. This would require "a showing by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). In the instant case, petitioner does not make a colorable showing of actual innocence. He has presented no new reliable evidence sufficient to refute the validity of his guilty plea.

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issues of concern are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed on this**

**Jun 18, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE